Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
8033 Linda Vista Road, Suite 200
San Diego, California 92111
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff Theresa Smith

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Theresa Smith**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **Credit Corp Solutions Inc.**, a corporation, <br><br> Defendant. | Case No. '20CV1295 JAH RBB <br><br> **Complaint** <br><br> Jury Trial Demanded |

**Introduction**

1. Defendant Credit Corp Solutions Inc., harassed Plaintiff for months with collection calls, when Defendant had no right to make these calls to Plaintiff's home telephone, and despite the fact that Plaintiff instructed Defendant to stop calling.

2. Defendant's persistent calls to Plaintiff's home telephone violated her privacy rights afforded under state and federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of

Complaint—1

their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471 (1980).

4. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompanies these repeated calls, but also these calls, wasted Plaintiff's time, interfered with her ability to otherwise make and receive calls on her home telephone, and interrupted her daily activities.

## Jurisdiction and Venue

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and for its perpetual invasions of Plaintiff's privacy in violation of California common law.

7. Venue is proper in this District pursuant to 28 U.S.C § 1391(b).

## Parties

8. Plaintiff is a natural person who currently resides in Southern California and was obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

9. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

10. Plaintiff is informed and believes, and thereon alleges, that Credit Corp Solutions Inc. is a collection agency, is incorporated under the laws of

Complaint—2

Delaware, and operates from an address of 121 West Election Road, Suite 200, Draper, Utah 84020, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

12. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

13. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

14. All of Defendant's various communications with Plaintiff described herein were each an attempt to collect a debt and fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

15. Plaintiff allegedly incurred a financial obligation to Synchrony Bank for a revolving line of credit in the form of a CareCredit consumer credit card that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

16. These financial obligations were primarily for personal, family or household purposes, more specifically, medical services, and are therefore "debt(s)" as that term is defined by 15 U.S.C § 1692a(5).

17. In late 2015, Plaintiff, suffering from medical conditions that prevented her from working, was no longer able to make payments on her CareCredit account with Synchrony Bank and fell behind on the payments owed on the alleged debt.

18. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind on payments on the alleged debt, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

19. In August of 2018, Plaintiff received a collection letter from Defendant, dated August 1, 2018.

20. In that collection letter, Defendant informed Plaintiff that all rights, title and interest in Plaintiff's alleged debt with Synchrony Bank had been assigned to Defendant and that an alleged balance remained due and owning.

21. Defendant was a stranger to Plaintiff. Plaintiff had never heard of Defendant let alone done any business with Defendant.

22. On August 14, 2018, in response to Defendant's collection letter, Plaintiff mailed a letter to Defendant seeking proof that they had the right to collect on the alleged debt.

23. Plaintiff also informed Defendant in her letter that she "refuse[d] to pay."

24. Shortly thereafter, Defendant acknowledged receipt of Plaintiff's letter.

25. According to 15 U.S.C. § 1692c(c) if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector shall not communicate further with the consumer with several exceptions:

> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor;
>
> (3) or to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

26. Despite the requirement that Defendant cease further collection communications with Plaintiff, Defendant called Plaintiff's home telephone on September 5, 2018, September 13, 2018, September 25, 2018, October 11, 2018, and October 12, 2018 in an attempt to collect the alleged debt.

27. On October 16, 2018, Plaintiff called Defendant and spoke to Defendant's collection agent, who identified himself as John Perdomo and disclosed that they were on a recorded line. Plaintiff identified herself and informed Defendant that she had been receiving multiple calls on her telephone from Defendant.

28. During the call Defendant stated that they were calling with regards to the alleged debt and informed her of the alleged balance. Plaintiff informed Defendant that she couldn't pay and requested that the calls stop.

29. Defendant ignored Plaintiff's request and called her the very next day.

30. Plaintiff received at least 19 calls from Defendant on her home telephone between October 17, 2018 and June 10, 2019.

31. Plaintiff received at least 24 calls from Defendant after her initial written communication to Defendant that she refused to pay. Plaintiff believes that she received many more calls from Defendant.

Complaint—5

32. Defendant didn't just attempt to communicate with Plaintiff via telephone. Defendant also mailed Plaintiff collection letters, one was dated February 2, 2019 and the other was dated July 10, 2019.

33. In each of those letters, Defendant identified themselves as a debt collector and that they were attempting to collect a debt.

34. Defendant's collection letter dated July 10, 2019 did not meet any of the exceptions to 15 U.S.C. § 1692c(c), and was a standard collection letter.

35. The collection letter included the "Original Account" number, "Balance Outstanding", and the following instructions: "If you are able to pay this account in full you should do so immediately by using one of the payment options listed overleaf."

36. The collection letter included a payment coupon, a blank area to write in the "Payment Amount" included with the payment coupon, and instructions on where to send payments.

37. Accordingly, Defendant's collection letter dated July 10, 2019 violated 15 U.S.C. § 1692c(c).

38. Cal. Civ. Code § 1788.17 incorporates the above referenced sections of the FDCPA into the RFDCPA. Therefore, by violating 1692c(c), Defendant's collection letter to Plaintiff dated July 10, 2019 also violated Cal. Civ. Code § 1788.17.

39. Each of the calls placed by Defendant to Plaintiff's home telephone after they were notified of her refusal to pay as well as instructed orally to stop calling interrupted Plaintiff's enjoyment of her right to privacy and to be left alone.

40. The calls placed by Defendant interrupted Plaintiff's daily activities including preparing and eating meals, reading, watching television, browsing the internet, cleaning, resting, and having conversations on her telephone.

41. The calls placed by Defendant wasted Plaintiff's time, distracted her from her activities, and deprived her of the use of her home telephone.

42. The communications by Defendant via telephone and mail caused Plaintiff undue anxiety, nervousness, and stress.

### First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 et seq.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.

45. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)

46. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

47. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

48. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**Third Claim for Relief—Invasion of Privacy by Intrusion Upon Seclusion**

49. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

50. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

51. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

52. Courts within the Ninth Circuit have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion. See *Panahiasl v. Gurney*, No. 04-04479, 2007 WL 738642, at *3 (N.D. Cal. Mar. 8, 2007); *Fausto v. Credigy Services Corporation*, 598 F Supp. 2d 1049, 1056 (N.D. Cal. 2009).

53. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

54. Defendant and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's home telephone, and by continuing to call Plaintiff after she informed them of her refusal to pay and requested that they stop.

55. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

56. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to equitable relief to prevent further invasions, compensatory damages, reasonable attorney's fees and punitive damages from Defendant in an amount to be determined at trial.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

**Invasion of Privacy by Intrusion Upon Seclusion**

7. for an award of actual and compensatory damages from Defendant pursuant to California law for its invasion of Plaintiff's privacy in an amount to be determined at trial.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   July 9, 2020.          Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff